UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAYNE ROGERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:11CV0020 ACL |
| | ) |
| JAMES HURLEY,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Wayne Rogers for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

### Procedural History

Petitioner is presently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri, pursuant to the Sentence and Judgment of the Circuit Court of the City of St. Louis, Missouri. See Ex. B at 12-13.[2] On June 23, 1995, following a jury trial, petitioner was found guilty of first degree attempted robbery. See Ex. A2 at 134. Petitioner was sentenced to thirty years imprisonment. See Ex. B at 12.

---

[1] James Hurley is the Warden at Northeast Correctional Center, the institution to which petitioner has been transferred. Consequently, James Hurley will be substituted for Larry Denney as the proper party respondent in this action. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

[2] Page references for the Respondent's Exhibits will be to the page numbers created by the docket clerk when the exhibits were docketed.

In his sole point raised on direct appeal of his conviction, Petitioner argued that the evidence was insufficient to sustain his conviction. See Ex. C. The Missouri Court of Appeals for the Eastern District affirmed Petitioner's conviction on December 2, 1997. See Ex. E. The mandate was issued on December 31, 1997. See Ex. F.

On December 2, 2010, Petitioner, pro se, filed the instant Petition for a Writ of Habeas Corpus and cited two grounds for relief. In his first ground for relief, Petitioner argues that the Circuit Court erred in denying his motion to reopen his post-conviction proceeding. In his second ground for relief, Petitioner argues that he was improperly sentenced as a class X offender. On February 28, 2011, Respondent filed a Response to Order to Show Cause, in which he argues that the Petition is untimely and that Petitioner's claims fail on their merits.

## Discussion

**A.** **Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in Williams v. Taylor, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court

decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." 529 U.S. at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

**B.** **Statute of Limitations**

To be considered timely under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must, in relevant part, file a habeas petition within one year after either the conclusion of direct review in state court or the expiration of time for seeking such review, with that one-year period tolled while any properly filed post-conviction motion or other application for collateral relief is pending in state court. 28 U.S.C. § 2244(d)(1)(A) and § 2244(d)(2). "For purposes of § 2244(d)(2), 'an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.'" Marx v. Gammon, 234 F.3d 356, 357 (8th Cir. 2000)(quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)). "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).

Here, Petitioner filed a direct appeal from the trial court's judgment in August of 1995, and then did not pursue review in a higher court after the Missouri Court of Appeals issued its

3

decision on December 2, 1997. Thus, the date the underlying trial court judgment became final for purposes of calculating the AEDPA's limitations period was the date when petitioner's "time for seeking review with the State's highest court expired." Gonzalez v. Thaler, 132 S. Ct. 641, 656 (2012). Missouri Supreme Court Rule 83.02 gave Petitioner fifteen days after the filing of the state appellate court's opinion to seek such review, which means the trial court judgment was final, for purposes of the AEDPA's limitations period, fifteen days after December 2, 1997, or as of December 17, 1997. Therefore, Petitioner had one year, or until December 17, 1998, to file a timely habeas petition unless a properly filed post-conviction proceeding was "pending" pursuant to 28 U.S.C. § 2244(d)(2).

Petitioner filed two post-conviction motions (Ex. G at 5-6, 9-15), which were both dismissed by the Circuit Court for the City of St. Louis as untimely. Ex. G at 8; 16-18. Petitioner argued that his post-conviction motion was not untimely. The record shows, however, that Petitioner failed to meet the filing deadlines set forth under Missouri Rule 29.15 and as a result, the AEDPA's limitations period under § 2244(d)(2) was not tolled. See Pace 544 U.S. at 414. In turn, Petitioner's federal Petition for a Writ of Habeas Corpus filed on December 2, 2010 was, therefore, untimely by nearly twelve years.

In addition to the extension of the one-year limitation period under § 2244(d)(2), the one-year period under § 2244(d)(1) may be extended through "equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A petitioner seeking the benefit of equitable tolling must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" so as to prevent timely filing. Id. at 2562 (quoting Pace, 544 U.S. at 418; see also Johnson v. Hobbs, 678 F.3d 607, 610 (8th Cir. 2012). Notably, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not

4

'maximum feasible diligence.'" Holland, 130 S. Ct. at 2565 (some internal quotation marks omitted) (citations omitted). Additionally,

> [t]he extraordinary circumstance that prevents a petitioner from timely filing his federal [habeas] application must be external to the petitioner and not attributable to his actions. Riddle v. Kemna, 523 F.3d 850, 857 (8th Cir. 2008) (en banc) (abrogated on other grounds by Gonzalez, 132 S. Ct. at 653-54).

Johnson, 678 F.3d at 611.

Petitioner has not demonstrated that extraordinary circumstances external to him prevented him from filing his habeas petition.

Finally, the AEDPA's one-year limitations period can also be overcome, in rare instances, by a showing of actual innocence. McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013). To the extent this exception may apply here, it requires Petitioner to present a credible claim of actual innocence based on new evidence and to "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" of his innocence. Id. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995) (internal quotation marks omitted)). Petitioner does not claim actual innocence and therefore this excpetion does not constitute a basis for finding the instant Petition was timely filed.

Accordingly, the Petition is untimely.

### C. Petitioner's Claims

The Court has already found that the Petition is untimely, nonetheless, the Court will conduct a review of Petitioner's stated grounds for relief to show that they fail on their merits as well.

### 1. Ground One

In his first ground for relief, Petitioner argues that the City of St. Louis Circuit Court erred in denying his motion to reopen his post-conviction proceeding. Respondent contends that this claim is not cognizable in federal habeas relief, because it does not involve a violation of

5

the Constitution, laws or treaties of the United States. In his Traverse, Petitioner concedes that this claim is not cognizable, as it involves an error in a state post-conviction proceeding.

Accordingly, Petitioner's first ground for relief will be denied.

**2.     Ground Two**

In his second ground for relief, Petitioner argues that he was improperly sentenced as a class X offender. Respondent contends that, while Petitioner is correct that the "class X" designation was removed from Section 558.019 in August 1993, Petitioner was not prejudiced by the fact the "class X offender" box was checked on the Circuit Court of the City of St. Louis' Sentence and Judgment form.

Petitioner committed his crime on April 30, 1994. Under August 1993 amendments to Mo.Rev.Stat. § 558.019, the "class X" designation was removed. Under the former version, a "class X" offender was required to serve eighty percent of his prison term prior to eligibility for parole or other early release. Mo.Rev.Stat. § 558.019 (Supp. 1988). A "class X" offender was defined as a person who has pleaded guilty or was found guilty of three separate felonies committed at different times. Mo.Rev.Stat. § 558.019.4(3) (Supp. 1988).

The August 1993 amendments to Section 558.019 substituted "has three or more prior felony convictions committed at different times" for "is a class X offender." Mo.Rev.Stat. § 558.019.2 (Cum. Supp. 1993). The statute still required that a defendant who has committed three or more prior felony convictions at different times serve eighty percent of his prison term prior to parole consideration. See id.

In this case, Petitioner does not challenge the Circuit Court's finding that he committed three prior felonies at different times. Thus, he was subject to Section 558.019.2, requiring him to serve eighty percent of his prison term. The fact that the term "class X offender" was removed from the statute did not affect Petitioner's sentence. Thus, the Petitioner's sentence

6

was authorized by statute and the Petitioner has failed to demonstrate a violation of his constitutional rights.

Accordingly, the Petitioner's second ground for relief will be denied.

**D.	Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). In this case, the Petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

**ORDER**

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

Dated this 11th day of June, 2014.

                                                    /s/ Abbie Crites-Leoni
                                                    ABBIE CRITES-LEONI
                                                    UNITED STATES MAGISTRATE JUDGE